**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-1014L
(Filed: August 15, 2014)
UNREPORTED

**FILED**

AUG 15 2014

U.S. COURT OF
FEDERAL CLAIMS

)
JON SALTZMAN,                     )
                                  )
        Pro Se Plaintiff,         )
                                  )   Motion to dismiss; Unpatented mining
v.                                )   claim; <u>Kunkes v. United States</u>, 78
                                  )   F.3d 1549 (Fed. Cir. 1996)
THE UNITED STATES,                )
                                  )
        Defendant.                )
                                  )

*Jon Saltzman*, Wickenburg, AZ, *pro se* plaintiff.

*Charlotte M. Youngblood*, National Resources Section, United States Department of Justice, Washington, DC, with whom was *Sam Hirsch*, Acting Assistant Attorney General.

**ORDER DENYING DISMISSAL**

Pending before the court is the motion to dismiss filed pursuant to Rule 12(b)(6) for failure to state a claim, by defendant the United States ("the government"). This case arises under the Takings clause of the Fifth Amendment to the Constitution. Pro se plaintiff Jon Saltzman ("Mr. Saltzman") claims that he has been "a placer mining claim owner" of 103 individual 160-acre, unpatented mining claims for several years. He further claims that the 2012 Consolidated Appropriations Act, Pub. L. 112-74 § 430, 125 Stat. 786 (codified as amended at 30 U.S.C. § 28(f)(a)(2)) ("FY2012 Appropriations Act"), affected a taking of his property because it requires unpatented mining claimants

to pay an annual maintenance fee of $140 for every 20-acre placer mining claim. Prior to the FY2012 Appropriations Act, mining claimants with claims up to 160-acres were able to pay a single annual maintenance fee of $140 for the entire 160-acre claim. Mr. Saltzman contends that the statutory change amounted to an "800% increase" in the annual fees he needed to make in order for him to keep all 103 160-acre unpatented placer mining claims. Plaintiff alleges that he could not afford the payment on each 20-acres parcel and was thus forced to relinquish all but 4% of his claims. When plaintiff failed to pay the required annual maintenance fees on some of his unpatented mining claims, the United States Department of the Interior's Bureau of Land Management ("BLM") "declared Plaintiffs mining claims forfeited." Compl. ¶ 27 & Ex. 7. Plaintiff appealed that determination to the United States Department of the Interior's Board of Land Appeals ("IBLA"), and requested a stay of the decision. Id. The IBLA subsequently affirmed BLM's interpretation that plaintiff's failure to pay the requisite maintenance fees conclusively constituted automatic forfeiture of his mining claims, and denied plaintiff's request for a stay as moot. Id. at Ex. 1. Plaintiff alleges that the 2012 statutory change constituted a taking of his property and seeks $13,333.33 for each forfeited acre or $219,733,270 as just compensation.

The United States argues in its motion to dismiss that plaintiff cannot state a claim because he does not have "property interest in possession of unpatented placer mining claims on public lands in perpetuity at unchanged annual maintenance fees." Plaintiff argues in response that he does not claim a property interest in having an unchanged maintenance fee. Instead, he argues that he has a property interest in his unpatented

2

mining claims and that the government cannot impose an unreasonable and extremely burdensome maintenance fee. Pl.'s Resp. to Mot. to Dismiss 2, 5. The question presented is whether plaintiff has identified a valid property interest to state a claim. For the reasons discussed below, the court finds that plaintiff has alleged a valid property interest, and thus, the motion to dismiss is **DENIED**.

I.   **STATUTORY AND REGULATORY BACKGROUND**

Before turning to the government's motion, a brief review of the subject statutes and regulations at issue is needed. Federal law permits private parties to discover, explore, and claim mineral deposits on federal lands. 30 U.S.C. § 22. Specifically, under the Mining Law of 1872 ("the Mining Law"), 30 U.S.C. §§ 22-54, citizens may stake or locate a valid lode or placer mining claim upon discovery of a valuable mineral deposit. Title to the land remains with the United States, and the unpatented mining claim holder may use the land for mining purposes. Kunkes v. United States, 78 F.3d 1549, 1554 (Fed. Cir. 1996). As the Supreme Court has explained, "[a]lthough owners of unpatented mining claims hold fully recognized possessory interests in their claims, . . . we have recognized that these interests are a 'unique form of property.'" United States v. Locke, 471 U.S. 84, 104 (1985) (citing Best v. Humbolt Placer Min. Co., 371 U.S. 334, 335 (1963)). "The United States, as owner of the underlying fee title to the public domain, maintains broad powers over the terms and conditions upon which the public lands can be used, leased, and acquired." Locke, 471 U.S. at 104 (citing Kleppe v. New Mexico, 426 U.S. 529, 539 (1976)).

Placer claims are generally limited in size to 20 acres. 30 U.S.C. § 35; see also 43 C.F.R. § 3832.22(b). Under the Mining Law, however, "associations of persons" may make "joint entry" of their mining claims and aggregate their 20-acre parcels into one oversized placer claim, up to a maximum of 160 acres. 30 U.S.C. § 36; see also 43 C.F.R. § 3832.22(b). These "association placer claims" may then be transferred to a smaller number of mining claimants, provided that there is a discovery of a valuable mineral deposit at the time of the transfer. 43 C.F.R. § 3833.33(a).

The Mining Law contained a requirement that mining claimants perform $100 of assessment work on their mining claims each year to maintain their claims. 30 U.S.C. § 28. The annual assessment work requirement was intended to ensure continuing development of mineral resources on federal lands in the West and to discourage holding undeveloped mining claims purely for speculative purposes. See H.R. Rep. No. 103-111 (1993), reprinted in 1993 U.S.C.C.A.N. 378, 1993 WL 181528. If a mining claimant failed to comply with the assessment work requirement, the mining claim would be "open to relocation in the same manner as if no location of the same had ever been made." 30 U.S.C. § 28. Since 1993, mining claimants have been required to pay an annual fee to hold their mining claims in lieu of the assessment work requirement of the Mining Law and the annual filing requirements of section 314 of the Federal Land Policy and Management Act, 43 U.S.C. § 1744. See Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103-66 §§ 10101-10106, 107 Stat. 312, 405-07 (1993) ("maintenance fee statute") (codified as amended at 30 U.S.C. §§ 28f-28k); Interior and Related Agencies Appropriations Act for Fiscal Year 1993, Pub. L. No. 102-381, 106 Stat. 1374, 1378-79

4

(1992) (predecessor "rental fee" statute). This annual fee is now called a "maintenance fee." Pub. L. No. 103-66 § 10101, 107 Stat. 312, 405 (codified at 30 U.S.C. § 28f). The maintenance fee statute also provides for automatic forfeiture of claims for failing to timely pay the fee. 30 U.S.C. § 28i.

Since 1993, Congress has amended the maintenance fee statute multiple times. See, e.g., Omnibus Appropriations Act, 2009, Pub. L. No. 111-8, 123 Stat. 524, 704 (2009) (creating 30 U.S.C. § 28l); Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 1844, 2101 (2007) (making the fee "permanent"); Department of the Interior and Related Agencies Appropriations Act, 2004, Pub. L. No. 108-108, 117 Stat. 1241, 1245 (2003) (reauthorizing the fee); Department of the Interior and Related Agencies Appropriations Act, 2002, Pub. L. No. 107-63, 115 Stat. 414, 418-19 (2001) (reauthorizing the fee and changing the deadline to September 1); Omnibus Consolidated Appropriations Act, 1999, Pub. L. No. 105-277, 112 Stat. 2681-235 (1998) (reauthorizing the fee and adding a cure period). The amount of the mining claim fees has been periodically increased by regulation, as authorized by the maintenance fee statute. See 69 Fed. Reg. 40, 294 (July 1, 2004) (raising the maintenance fee to $125 per claim or site); 74 Fed. Reg. 30, 959 (June 29, 2009) (raising the maintenance fee to $140 per claim or site).

On December 23, 2011, as part of the FY2012 Appropriations Act, Congress again amended the maintenance fee statute. See Consolidated Appropriations Act, 2012, Pub. L. 112-74 § 430, 125 Stat. 786 (codified as amended at 30 U.S.C. § 28f(a)(2)). As noted above, the FY2012 Appropriations Act changed the maintenance fee for placer mining

claims from a "per claim" fee to a "per 20-acre" fee. Placer mining claimants now must pay an annual maintenance fee of $140 for every 20-acres of placer mining claim. 30 U.S.C. § 28f (a)(2); 43 C.F.R. § 3830.21 (2014).

## II. STANDARD OF REVIEW

To avoid dismissal for failure to state a claim upon which relief may be granted under RCFC 12(b)(6), the complaint must contain facts sufficient to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine whether a complaint states a plausible claim for relief, a court must engage in a context-specific analysis and "draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. In considering a motion under RCFC 12(b)(6), "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing Papasan v. Allain, 478 U.S. 265, 283 (1986); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). In addition, when considering a motion to dismiss a pro se complaint, the court holds "the pleading 'to less stringent standards than formal pleadings drafted by lawyers.'" Johnson v. United States, 411 F. App'x. 303, 305 (Fed. Cir. 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## III. DISCUSSION

The government's motion to dismiss is based on the government's definition of plaintiff's property interest. The government claims that plaintiff is asserting a property interest in "an unchanged maintenance fee." The government contends that it has an

6

absolute right to change the annual maintenance fee on unpatented mining claims, and thus that plaintiff cannot claim a taking based on any change to the annual maintenance fee.

Plaintiff argues in response that the government's power over unpatented mining claims is not absolute, but must be reasonably exercised. He argues that he has a property interest in his unpatented mining claims that is subject to reasonable government regulation, and that unreasonable or irrational maintenance fees can give rise to a taking claim. Plaintiff argues, for example, that a "trillion dollar" fee would not be rational and could give rise to a taking. Pl.'s Resp. to Mot. to Dismiss 2.

The Federal Circuit addressed a very similar issue to the one raised by plaintiff in Kunkes v. United States, 78 F.3d 1549 (Fed. Cir. 1996). In Kunkes, unpatented mining claim holders sued the government for a taking without just compensation when the $100 annual mining maintenance fee—replacing a prior requirement of $100 of assessment work or improvements—was first established in 1993. Id. at 1551-52. The plaintiffs argued that they could not afford to pay the $100 fee on all of their claims. The circuit examined the case using a regulatory taking analysis. Id. at 1552. To begin, the circuit accepted without question that plaintiffs had a property interest in their unpatented mining claims. Id. at 1551 ("Even though title to the fee estate remains in the United States, these unpatented mining claims are themselves property protected by the Fifth Amendment against uncompensated takings.") (citing Best v. Humboldt Placer Mining Co., 371 U.S. 334 (1963); Forbes v. Gracey, 94 U.S. 762, 766 (1876)). Then, after establishing that a property interest existed, the circuit acknowledged that the government

7

has "especially broad" power to condition the retention of unpatented mining claims, but refused to find that the government's power over unpatented mining claims was unlimited. Id. at 1553. The circuit then engaged in a two-part analysis to determine whether the maintenance fee gave rise to a taking of the plaintiffs' unpatented mining claims, examining (1) whether the maintenance fee imposed by Congress furthered a legitimate legislative objective and (2) whether the maintenance fee was reasonable." Id. at 1554-55. In the first step, the circuit determined that the fee at issue "serve[d] the legitimate governmental purpose of ridding federal lands of stale mining claims and providing for centralized collection by federal land managers of comprehensive and up-to-date information on the status and worth of these claims. Id. (citing Locke, 471 U.S. at 105-06). In the second step, the circuit determined that the fee was "objectively reasonable." Kunkes, 78 F.3d at 1556. The circuit held that the increased fee did not place an unreasonable burden on the property when measured against the value of the property remaining, and thus, rejected the Kunkes' taking claim.[1] Id. at 1552. In its conclusion, the circuit stated, "We conclude . . . that the fee was imposed for a legitimate public purpose and the fee is objectively reasonable . . . . Under the applicable standards appellants have not suffered an unconstitutional taking without just compensation." Id. at 1556.

Given the Federal Circuit decision in Kunkes, the court is compelled to deny the government's motion to dismiss in this case. Contrary to the government's contentions,

---

[1] Specifically, the circuit held that the $100 fee was objectively reasonable given the alleged $80 million value of plaintiffs' mining claims. Id. at 1552.

8

plaintiff does not claim a property interest in a set maintenance fee. Rather, he claims a property interest in his unpatented mining claims subject to the constraints identified in Kunkes. In its motion to dismiss, the government has conflated plaintiff's property interest with the merits of his claim. The Kunkes decision establishes that plaintiff has a property interest in unpatented mining claims that is subject to "objectively reasonable" fees, imposed to further a "legitimate public purpose." Id. There is no question, given the ultimate holding in Kunkes, that it will be difficult for plaintiff to succeed on the merits of his claim. See id. at 1552. Nonetheless, Kunkes mandates that plaintiff be given the opportunity to make his case. See id. This court is bound by circuit precedent. Coltec Industries, Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006), cert. denied, 549 U.S. 1206 (2007). Accordingly, the government's motion to dismiss for failure to state a claim is **DENIED**. The parties shall file a joint status report by **September 8, 2014** setting forth a proposed schedule for resolving the case.

    **IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge